# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

SERVICE EMPLOYEES INTERNATIONAL  )
UNION NATIONAL INDUSTRY                      )
PENSION FUND,                                            )
1800 Massachusetts Ave, Suite 301           )
Washington, D.C. 20036,                            )
                                                                     )
and                                                                 )
                                                                     )
EMANUEL PASTREICH, KEVIN J. DOYLE,   )
RODERICK S. BASHIR, FRANK A. MAXSON, )   Case No: 1:18-CV-01195
THOMAS LAMARTINA, EDWARD J. MANKO, )
JOHN J. SHERIDAN, LAPHONZA BUTLER,    )
CHRISTOPHER BOUVIER, DAVID HUERTA,  )
WILLIAM DEMPSEY                                    )
TRUSTEES OF THE SERVICE EMPLOYEES   )
INTERNATIONAL UNION NATIONAL             )
INDUSTRY PENSION FUND,                          )
1800 Massachusetts Ave, Suite 301           )
Washington, D.C. 20036,                            )
                                                                     )
                                              Plaintiffs,        )
                                                                     )
v.                                                                   )
                                                                     )
CROWN BUILDING MAINTENANCE, CO.       )
D/B/A ABLE BUILDING MAINTENANCE         )
868 Folsom Street                                         )
San Francisco, CA 94107                             )
                                                                     )
                                              Defendant.      )
_____)

| |
|---|
| **Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor**<br>**Attn: Assistant Solicitor**<br>**   for Plan Benefits Security**<br>**200 Constitution Ave., N.W.**<br>**Washington, DC 20210**<br><br>**U.S. Department of Treasury**<br>**Attn: Secretary of the Treasury**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220** |

## COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT FEES, ATTORNEY'S FEES AND COSTS

### Introduction, Jurisdiction and Venue

1.      This is a civil action brought by an employee benefit plan, and by the Trustees of

1

an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, <u>as amended</u> ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, <u>as amended</u> ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, liquidated damages, Pension Protection Act supplemental contributions, and audit fees owed by the Defendant.

2.      Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.      Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4.      Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

## <u>Parties</u>

5.      Plaintiff Service Employees International Union National Industry Pension Fund ("SEIU Pension Fund" or "Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section

302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Fund is administered at 1800 Massachusetts Avenue NW, Suite 301, Washington, DC 20036.

6.    Plaintiffs Emanuel Pastreich, William Dempsey, Roderick S. Bashir, Kevin J. Doyle, Christopher Bouvier, Thomas LaMartina, Edward J. Manko, John J. Sheridan, Frank A. Maxson, Laphonza Butler, and David Huerta are the duly authorized Trustees of the SEIU Pension Fund, whose duty it is to administer the Fund for the benefit of the participants and beneficiaries of the Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7.    Defendant Crown Building Maintenance, Co. d/b/a/ Able Building Maintenance ("Able Building") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8.    Upon information and belief, Defendant Able Building is a corporation incorporated in the state of California, with a mailing address of 868 Folsom Street, San Francisco, CA 94107.

## Factual Background

9.    At all relevant times, Service Employees International Union Local 49 ("the Union") has been the exclusive bargaining representative for all janitorial and maintenance employees employed by Defendant.

10.    At all relevant times, the Defendant was party to a collective-bargaining agreement ("Collective Bargaining Agreement" or CBA) with the Union for its employees.

3

Defendant was signatory to a CBA ("2012 CBA") with the union effective for the period of July

1, 2012 through June 30, 2016. A true, correct and complete copy of the 2012 CBA is attached as

Plaintiffs' Exhibit 1. The Defendant was also a party to a successor CBA ("2016 CBA")

effective for the period of July 1, 2016 through June 30, 2020. A true, correct and complete copy

of the 2016 CBA is attached as Plaintiff's Exhibit 2.

11.     Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are

obligated to make contributions to a multi-employer employee benefit plan must do so in

accordance with the terms of the applicable collective bargaining agreement. Here, both the 2012

and 2016 CBAs state that the Defendant is obligated to remit contributions to the SEIU Pension

Fund for its covered employees at a rate of $0.30 per hour worked. Exs. 1 & 2, Art. 23, Sec. 4.

12.     Pursuant to the CBAs, Defendant agreed to be bound by the SEIU Pension Fund's

Agreement and Declaration of Trust ("Trust Agreement"). Specifically, both the 2012 and 2016

CBAs state that Defendant "hereby agrees to be bound by the provisions of the Agreement and

Declaration of Trust establishing the Fund, as it may from time to time be amended, and by all

resolutions and rules adopted by the Trustees pursuant to the powers delegated to them by that

Agreement, including collection policies, receipt of which is hereby acknowledged." Exs. 1 & 2,

Art. 23, Sec. 5. A true and correct copy of the Trust Agreement is attached as Plaintiffs' Exhibit

3. Pursuant to Section 5.1(22) of the Trust Agreement, the Trustees are empowered to create and

enforce a collection policy for the assessment of unpaid and delinquent contributions. Ex. 3, Sec.

5.1(22). Accordingly, Defendant is obligated to remit contributions to the SEIU Pension Fund in

accordance with the collection policies adopted by the Trustees. A true and correct copy of the

Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached

as Plaintiffs' Exhibit 4.

13.     At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement provides that an employer must submit complete remittance reports to the Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. Ex. 3, Sec. 3.1. The 2012 and 2016 CBAs also state, "[c]ontributions shall be transmitted together with a remittance report containing such information, in such a manner and on such form, as may be required by the Fund or their designee." Exs. 1 & 2, Art. 23, Sec. 4.

14.     Section 2 of the Collections Policy states that "[i]f the Fund Office has not received complete and correct remittance report(s) necessary to determine the amounts owed by the Employer, the Fund Office shall estimate the contributions due based on the most recent remittance report submitted to the Fund, payroll information, or other basis as reasonably determined by the Fund, and the Employer shall be deemed delinquent in its contributions in that amount on a monthly basis, as a minimum, in any subsequent legal action." Ex. 4, Sec. 2.

15.     Section 5 of SEIU Pension Fund's Trust Agreement and Section 4 of the Collections Policy both provide that the Fund may audit any contributing employer for the purpose of ensuring that such employer has remitted the appropriate amount of contributions to the Fund. Ex. 3, Sec. 5; Ex. 4, Sec. 4.

16.     Section 3.2 of the Trust Agreement and Section 2 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund and the subject of a collection lawsuit is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on the delinquent contributions or twenty percent

(20%) of the delinquent contributions after the commencement of legal action, and attorneys' fees and costs. Ex. 3, Sec. 3.2; Ex. 4, Sec. 2.

17.     Pursuant to the Pension Protection Act of 2006, 29 U.S.C. § 1085 ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, January 1, 2015, January 1, 2016, and January 1, 2017. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 28, 2014, April 28, 2015, April 28, 2016 and April 28, 2017. Copies of these letters are attached as Plaintiffs' Exhibit 5.

18.     For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a collective bargaining agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the Fund or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted by the Fund in November 2009. A copy of this letter is attached as Plaintiffs' Exhibit 6.

19.     Both the 2012 and 2016 CBAs obligated Defendant to remit supplemental contributions pursuant to the Preferred Schedule of the Fund's Rehabilitation Act. Specifically, the 2012 CBA states that "[t]he parties agree to adopt the Preferred Schedule of Supplemental

Contributions and agree to contribute to the National Industry Plan in accordance with any updated Preferred Schedule Contribution rate table that may be adopted." Ex. 1, Art. 23, Sec. 8. The 2016 CBA states that "[t]he parties to this Agreement adopt the Preferred Schedule of benefit changes and contribution increases provided in the Rehabilitation Plan adopted by the Service Employees International Union National Industry Pension Fund and set out in a memorandum dated November 25, 2009." Ex. 2, Art. 23, Sec. 8.

20.    During the period of January 2014 through May 2016, Defendant has failed to remit certain contractually required reports and contributions and has failed to pay certain interest charges, liquidated damages, and supplemental contributions due under the PPA to the SEIU Pension Fund.

## COUNT I – Amounts Owed Pursuant to Audit

21.    Plaintiffs reallege and incorporate Paragraphs 1 through 20.

22.    This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

23.    Defendant is obligated, pursuant to the CBAs, to provide contributions to the SEIU Pension Fund on behalf of its covered employees.  Defendant has failed and refused to fulfill its contractual obligations for owed contributions, resulting interest and liquidated damages, and PPA supplemental contributions, as demonstrated by a payroll audit conducted on Defendant by the Fund for the calendar years 2014 and 2015. The audit revealed that Defendant owes contributions, interest, and liquidated damages to the Fund. While contributions remain unpaid, interest continues to accrue on these delinquent contributions and audit fees have been assessed pursuant to the Fund's governing documents. A copy of the audit is attached as

Plaintiffs' Exhibit 7.

24.     The audit revealed that Able Building failed to remit $6,265.92 in contributions and $3,068.24 in PPA supplemental contributions for the calendar years 2014 and 2015. Ex. 7. Interest in the amount of $2,067.37 has accrued on these unpaid amounts and liquidated damages in the amount of $466.71 have been assessed. *Id.* Because amounts were found due and owing, Defendant is also responsible for $1,851.50 in audit testing fees. *Id.*  Defendant made a partial payment on these amounts due of $9,334.16. *Id.*  In total, Defendant owes a remaining balance of $4,385.58 to the SEIU Pension Fund for unpaid contributions, PPA supplemental contributions, interest, liquidated damages and testing fees for the calendar years 2014 and 2015. *Id.* Interest continues to accrue in the amount of $2.56 per day. *Id.*

25.     Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

26.     Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the outstanding amounts due from the Defendant. Defendant continues to refuse to make payment on the amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due to the Fund

27.     Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that

encourages other employers to do the same.

## Count II – Delinquencies

28.     Plaintiff's reallege and incorporate paragraphs 1 through 27.

29.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

30.     Defendant is obligated, under the terms of the Collective Bargaining Agreement, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of the Defendant's employees and interest and liquidated damages are charged upon unpaid or late paid contributions. The Defendant has failed to timely remit certain contributions and resulting interest and liquidated damages for its sites for various months during the period of January through June 2016**.**

31.     For Site 3098, for the period of January through June 2016, Defendant owes the SEIU Pension Fund $99.70 in unpaid contributions, $180.16 in interest, and $150.00 in liquidated damages.

32.     For Site 3100, for the period of May through June 2016, Defendant owes the SEIU Pension Fund $61.58 in unpaid contributions, $413.37 in interest, and $100.00 in liquidated damages.

33.     Defendant also late paid contributions for various months incurring interest and liquidated damages that remain unpaid. For Sites 3095, 3096, 3097, and 3144, Defendant owes the SEIU Pension Fund $758.48 in interest and $234.68 in liquidated damages for late paid contributions.

34.     In total, Defendant owes the SEIU Pension Fund $1,997.97 in unpaid

contributions, interest, and liquidated damages for its sites for the period of January through June 2016.

35.     Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

36.     Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the amounts owed from the Defendant. Defendant continues to refuse to make payment on the amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due on the delinquent and unpaid contributions.

37.     Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1.     Declare that Defendant is delinquent in remitting owed contributions, interest, liquidated damages, and PPA supplemental contributions to the SEIU Pension Fund pursuant to the Collective Bargaining Agreement;

2.     Enter judgment in the amount of $4,385.58 pursuant to the audit conducted for the calendar years 2014 and 2015**;**

3. Enter judgment in the amount of $1,997.97 for unpaid contributions, interest, liquidated damages, and PPA surcharges and supplemental contributions for the period of January through June 2016;

4. Enter a permanent injunction against Defendants requiring them to remit their reports and full payment of contributions, including supplemental contributions, to the Pension Fund in a timely manner;

5. Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the Collective Bargaining Agreement, the Trust Agreement and Section 502(g) of ERISA;

6. Retain jurisdiction of this case pending compliance with its Orders; and,

7. Grant such relief as the Court may deem appropriate.


Respectfully submitted,


_____/s/ Andrew K. Lin_____
Andrew K. Lin
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 Facsimile
alin@mooneygreen.com
Counsel for the Plaintiffs

Dated: May 22, 2018

11